**Alan SUTTON, Appellant,**

v.

**KATY INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 01–96–00157–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 2, 1997.

Rehearing Overruled Aug. 13, 1997.

---

Olney G. Wallis, Richard Ewing, Houston, for Appellant.

Merri Schneider-Vogel, Houston, for Appellee.

Before WILSON, ANDELL and HUTSON-DUNN, JJ.*

## OPINION

WILSON, Justice.

The issue in this appeal is whether a school district's decision to remove a student to an alternate education program may be re-viewed by a court. Phil Sutton and Lorraine Shields, the parents of Alan Sutton, appellant, brought a declaratory judgment action against the appellee, the Katy Independent School District, in both their individual capacities and as next friend of Alan.[1] The parents asked the trial court to hold the following: (1) former Education Code section 21.301(f),[2] which purports to make the district's action unappealable, violates the open courts provision of the Texas Constitution; (2) the district must expunge Alan's disciplinary record; (3) the district's rules allowing trace elements of drugs to be used in disciplinary proceedings violates substantive due process; and (4) the parents are entitled to attorney's fees. The trial court granted the district's motion for summary judgment, effectively rendering a take-nothing judgment for the parents.[3] We affirm.

Alan drove his father's car to Taylor High School and parked in the student lot. When the district conducted a drug search using a drug sniffing dog, the dog "alerted" on Alan's car. Alan was summoned from class and gave the dog handler and a security guard permission to search the car. The dog handler and security guard found two "buds" of marijuana.

In keeping with its "zero tolerance" policy towards drugs, the district notified Alan and his parents that it was taking disciplinary action against him. The district conducted two evidentiary hearings at which Alan was represented by an attorney. The hearings committee found Alan was in possession of marijuana in violation of the district's policy and recommended that Alan be given the

---

*. Justice Hutson–Dunn, who retired on December 31, 1996, continues to sit by assignment for the disposition of this case, which was submitted before that date.

1. *See* Uniform Declaratory Judgments Act, Tex. Civ.Prac. & Rem.Code Ann. § 37.004 (Vernon 1986).

2. Former section 21.301(f) stated:

A student's parent or guardian is entitled to notice as soon as reasonably possible of a suspension or removal of a student to an alternative education program and an opportunity to participate in a proceeding before the board [of trustees] under this section. If the board's designee suspends or removes a student to an alternative education program for three or more consecutive school days or five or more accumulative school days within a semester, the designee shall encourage the student's parent or guardian to attend a conference to discuss the designee's action and/or the student's misbehavior. Any decision of the board under this section is final and may not be appealed. Act of Aug. 26, 1986, 69th Leg., 2d C.S., ch. 4, sec. 1, § 21.301(f), 1986 Tex.Gen. Laws 6, 7 (Tex.Educ.Code Ann. § 21.301(f), since repealed and reenacted in part as Tex.Educ.Code Ann. § 37.009(b) (Vernon 1996)).

3. After oral submission in this Court, the parents and Alan filed an unopposed motion to substitute Alan as the appellant in place of his parents. We granted the motion.

opportunity to transfer to an "Opportunity Awareness Center" ("OAC"), which is an alternate education program, instead of being expelled from school. The parents appealed the decision of the hearing committee to the district's board of trustees, which affirmed the decision to transfer Alan to the OAC. Alan attended the OAC for the rest of the semester, received a Graduate Equivalency Degree, and withdrew from the district. Alan later attended Blinn College.

Alan brings three points of error alleging the trial erred in: (1) granting summary judgment; (2) failing to hold that former section 21.301's prohibition against appeal violates the "open courts" provision of the Texas Constitution [4]; and (3) failing to hold that the due course of law provision of the Texas Constitution [5] prohibits the district from punishing Alan without an affirmative finding of knowledge, intent, possession, or guilt. Alan has wholly failed to brief points one and three on either the law or the law's relation to the facts of this case. *See* TEX.R.APP.P. 74(f, *l* ). Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for review. *Harris County Mun. Util. Dist. No. 48 v. Mitchell,* 915 S.W.2d 859, 866 (Tex.App.—Houston [1st Dist.] 1995, writ denied). We, therefore, overrule points one and three.

We now address Alan's remaining point of error two, which claims the trial court erred in failing to hold that former section 21.301's prohibition against appeal violates the "open courts" provision of the Texas Constitution.[6] The supreme court has held that the open courts provision guarantees that the "right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." *Weiner v. Wasson,* 900 S.W.2d 316, 318 (Tex.1995) (citing *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983)). Alan's open courts claim must fail, however, because there is no common-law cause of action for judicial review of an administrative agency's actions. *See Southwest Airlines v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 157 (Tex.App.—Austin 1993, writ denied). Former section 21.301 did not take away Alan's common-law right to challenge the district's actions, but instead served as an exception to his statutory right to bring an appeal to the commissioner of education and ultimately a suit for judicial review in the district court of Travis County.[7] The trial court was, therefore, correct in refusing to hold that former section 21.301's prohibition against appeal violates the "open courts" provision of the Texas Constitution. We overrule point of error two.

We affirm the judgment of the trial court.

---

4. TEX. CONST. art. I, § 13.

5. TEX. CONST. art. I, § 19.

6. The prohibited "appeal" referred to in former section 21.301(f) is actually an appeal to the commissioner of education:

> Except in cases of student disciplinary actions under Section 21.301 or 21.3011 of this code, persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

> Act of Aug. 26, 1986, 69th Leg., 2d C.S., ch. 4, sec. 3, § 11.13(a), 1986 Tex.Gen. Laws 6, 10 (TEX.EDUC.CODE ANN. § 11.13(a), since repealed

and reenacted as TEX.EDUC.CODE ANN. § 7.057(a), (b), (e) (Vernon 1996)).

> Access to the courts to parties who could appeal to the commissioner was granted by former section 11.13(c):

> Any person, county, or school district aggrieved by any action of the Central Education Agency or decision of the commissioner of education may appeal to a district court in Travis County, Texas. Appeals shall be made by serving the commissioner of education with citation issued and served in the manner provided by law for civil suits.

> Act of June 6, 1990, 71st Leg., 6th C.S., ch. 1, sec. 2.22, § 11.13(c), 1990 Tex.Gen. Laws 1, 22 (TEX.EDUC.CODE ANN. § 11.13(c), since repealed and reenacted as TEX.EDUC.CODE ANN. § 7.057(d) (Vernon 1996)).

7. *See infra* note 6.