# In re MABANK INDEPENDENT SCHOOL DISTRICT.

No. 12–04–00382–CV.

Court of Appeals of Texas, Tyler.

May 18, 2005.

Dennis Eichelbaum, Janice S. Parker, Schwartz & Eichelbaum, P.C., Frisco, Sharon S. Gilmore, for relator.

Myrna B. Silver, Pamela A. Cherry, Dallas, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION DENYING REHEARING

SAM GRIFFITH, Justice.

Relator Mabank Independent School District has filed a motion for rehearing in this original proceeding. The motion is denied. However, we withdraw our opinion dated March 31, 2005 and substitute the following opinion in its place.

In this original proceeding, relator Mabank Independent School District (MISD) challenges an abatement order signed by the respondent, the Honorable Howard Tygrett, Judge of the 86th Judicial District Court, Kaufman County, Texas, after MISD filed a plea to the jurisdiction. MISD requests that we (1) grant its plea to the jurisdiction and dismiss the case, (2) remand with directions for the respondent to grant the plea to the jurisdiction and dismiss the case, or (3) issue a writ of mandamus directing the respondent to rule immediately on MISD's plea to the jurisdiction. We deny the petition.

### BACKGROUND

On October 23, 2003, Allen and Stacy Allen, as parents and next friends of Dillon Allen, entered into a mediated settlement agreement (MSA) with MISD to resolve their claims against MISD arising under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1487. Paragraph A.6. of the MSA provided that MISD would allow the Allens' children, Dillon, Dakota, and Destiny, to transfer to Central Elementary School and would not "unreasonably deny requests for transfer in future school years."

After the end of the 2003–2004 school year, Mrs. Allen submitted a formal transfer request for Dakota and Destiny to attend Central Elementary School during the 2004–2005 school year.[1] By letter dat-

---

1. MISD's "Intradistrict Transfer Guidelines" permitted a parent or guardian to complete an "Intradistrict Transfer Request" form and submit it to the superintendent or the superintendent's designee.

ed July 20, 2004, the MISD superintendent notified Mrs. Allen that her transfer request had been denied. Mrs. Allen then requested a written reason for the denial. In response, she received a letter from MISD's counsel informing her that MISD could not accommodate her transfer request because the applicable programs at Central Elementary School were at capacity. Because the MSA had been mediated pursuant to the IDEA, Mrs. Allen filed a request for a due process hearing with the Texas Education Agency. On August 30, 2004, the request was dismissed because Dakota and Destiny were not special education students.[2]

In September 2004, the Allens filed suit alleging that MISD had breached the MSA by unreasonably denying the transfer request. MISD filed a plea to the jurisdiction alleging that the Allens (1) failed to make a written objection to the denial of the transfer request, (2) failed to timely seek a transfer, and (3) failed to appeal the denial of the transfer request to the superintendent and the board of trustees. In their response, the Allens averred that they had objected, in writing, to denial of the transfer request and that the next step was for the superintendent to place the matter on the agenda for the next regularly scheduled meeting of MISD's Board of Trustees (the Board).[3] The respondent conducted a hearing on MISD's plea, at which time the respondent was informed that the Board had received the Allens' appeal. After the hearing, the respondent abated the plea to the jurisdiction pending the Allens' exhaustion of their administra-tive remedies. MISD subsequently filed a motion requesting the respondent to reconsider its action and rule on the plea to the jurisdiction. After considering MISD's motion, the respondent signed a written order abating the underlying proceeding until the Board ruled on the Allens' transfer request. The order included a recitation that "[t]he Court, having considered [MISD's plea to the jurisdiction], has neither granted nor denied the plea to the jurisdiction." This original proceeding followed.

## DISCUSSION

### Availability of Mandamus

 Mandamus is an extraordinary remedy available only to correct a clear abuse of discretion or the violation of a duty imposed by law and only in situations where there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Erroneously analyzing and applying the law constitutes an abuse of discretion. *Id.* at 840.

### The Parties' Contentions

MISD asserts that the legislature has granted the trustees of an independent school district exclusive jurisdiction to resolve transfer issues, and a court may not consider a transfer appeal until after the Board has considered the appeal and any exceptions to its ruling. MISD further contends that student transfer requests arise under the school laws of Texas. Therefore, its argument continues, the parties must exhaust all administrative

2. Dillon, a special education student, was moving to a middle school campus for the 2004–2005 school year and therefore was not named in the transfer request.

3. MISD's "Intradistrict Transfer Guidelines" provided as follows:

The parent may appeal the Superintendent's decision to the Board. Upon receiving from the Parent/guardian a written objection to the Superintendent's decision, the Superintendent shall list the item on the next agenda of the regularly scheduled board meeting. If the Board takes no action, the objection is considered to be overruled. The Superintendent will notify the parent/guardian of the result of the appeal. The decision of the Board is final.

remedies before resorting to the courts for relief. Relying on *City of Galveston v. Gray*, 93 S.W.3d 587 (Tex.App.-Houston [14th Dist.] 2002, pet. denied), MISD urges that the respondent had a duty imposed by law to rule on MISD's plea to the jurisdiction. Finally, MISD argues that the respondent also had a duty imposed by law to grant the plea to the jurisdiction and dismiss the underlying proceeding with prejudice.[4]

The Allens argue that because their lawsuit involves the breach of an MSA, the district court has jurisdiction over this matter just as it would over any other contract dispute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 154.071(a) (Vernon 1997) (written settlement agreement enforceable in same manner as any other written contract). Thus, the Allens urge that the Board has primary, but not exclusive, jurisdiction and maintain that the respondent's ruling and corresponding order were proper.

### Exclusive versus Primary Jurisdiction

Under the exclusive jurisdiction doctrine, the legislature grants an administrative agency the sole authority to make an initial determination in a dispute. *See Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex.2000). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *See Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002).

Whether an agency has exclusive jurisdiction depends on statutory interpretation. *Id.* Typically, if an agency has exclusive jurisdiction, a party must ex-

haust all administrative remedies before seeking judicial review of the agency's action. *See Bennett*, 35 S.W.3d at 15. Until then, the trial court lacks subject matter jurisdiction and must dismiss without prejudice the claims within the agency's exclusive jurisdiction. *Subaru*, 84 S.W.3d at 221. In other words, exclusive jurisdiction is jurisdictional. *Id.* at 220.

"Primary jurisdiction" is a judicially-created doctrine whereby a court may dismiss or stay an action, pending a resolution of some portion of the case by an administrative agency. *Shell Pipeline Corp. v. Coastal States Trading, Inc.*, 788 S.W.2d 837, 842 (Tex.App.-Houston [1st Dist.] 1990, writ denied). The doctrine operates to allocate power between courts and agencies when both have authority to make initial determinations in a dispute. *Subaru*, 84 S.W.3d at 221. Questions of primary jurisdiction arise only when the statutory arrangements are such that administrative and judicial jurisdiction are concurrent for the initial decision of some questions. The purpose of the doctrine is to assure that the agency will not be bypassed on what is especially committed to it. *Foree v. Crown Cent. Petroleum Co.*, 431 S.W.2d 312, 315 (Tex.1968) (citations omitted).

### The Board's Jurisdiction

The trustees of an independent school district have the exclusive power and duty to oversee the management of the public schools of the district. TEX. EDUC.CODE ANN. § 11.151(b) (Vernon Supp.2004–05). In performing this statutory duty, the board of trustees of an independent school district, or a school employee designated

---

4. MISD also questions whether it was bound by the MSA past the 2003–2004 school year. However, that issue is not before us here.

by the board, may assign and transfer any student from one school facility or classroom to another within its jurisdiction. Tex. Educ.Code Ann. § 25.031 (Vernon 1996).

The board's decision on a transfer request is final unless the student, or the parent, guardian, or custodian of the student as next friend, files an exception to the board's decision, alleging that the decision denies a right of the student that is guaranteed by the United States Constitution. *Id.* § 25.034(e). If the exception is overruled, the objecting party may then appeal the board's decision to the district court of the county in which the board is located. *Id.* § 25.034(f). The petition must state facts relevant to the student that relate to the alleged denial of the student's rights under the United States Constitution. *Id.* § 25.034(f)(2).

 The language of these statutes expresses the legislative intent that the board of trustees of an independent school district have exclusive jurisdiction over transfer requests. This interpretation is consistent with the statement of purpose preceding the original enactment of the provisions relating to transfers within and outside the district, which states, in part, as follows:

> An Act to declare the public policy of the State of Texas with respect to public education; ... and to prohibit [Boards of School Trustees] from making or administering any order of reallocation of pupils without a finding by the Board or authority designated by it that such transfer or placement is as to each individual pupil consistent with the policies prescribed in this Act. . . .

Act of May 23, 1957, 55th Leg., R.S., ch. 287, 1957 Gen. Laws 683 (amended 1969, 1995) (current version at Tex. Educ.Code Ann. § 25.031–25.042 (Vernon 1996 & Supp.2004–2005)). Thus, as a general rule, the district court has subject matter jurisdiction to review a board's denial of a transfer request only where the requesting party (1) has exhausted the administrative remedies set out in Section 25.034 and (2) complains to the district court that the denial is violation of a right guaranteed the student by the United States Constitution. *See* Tex. Educ.Code Ann. § 25.034(f).

### The Trial Court's Order

 Because the Allens do not contend that the denial resulted in a deprivation of constitutional rights, *see id.* § 25.034(e), (f), no challenge to the reasonableness of the Board's transfer decision is available under the "school laws of Texas." *See id.* § 25.034(e). Moreover, the Allens did not assert a cause of action pursuant to the Texas Education Code. Instead, they allege that MISD unreasonably denied Mrs. Allen's transfer request, thereby breaching the MSA. Thus, the Allens' claim is one for breach of contract.

We see nothing in the statutes relating to student transfers, nor does MISD cite to any such statute, that delegates to the Board jurisdiction to resolve a contractual dispute such as the one alleged here. Thus, the district court has jurisdiction over this matter just as it would over any other contract dispute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 154.071(a). However, the necessary facts underlying the Allens' breach of contract claim raise an issue that falls within the Board's exclusive jurisdiction, i.e., the disposition of Mrs. Allen's transfer request.

The Allens' claim is predicated on the assumption that the Board will deny their appeal of the superintendent's decision.

Consequently, the Allens must first exhaust their administrative remedies and obtain a final Board decision on their transfer request. *See Subaru,* 84 S.W.3d at 226 (where necessary facts underlying breach of oral contract claim fall within exclusive jurisdiction of administrative agency, party making claim must first exhaust administrative remedies). Therefore, abatement was the proper course for the respondent trial court. *See id.* at 228 (Texas Supreme Court remanded breach of oral contract claim to trial court with instructions to abate pending exhaustion of administrative remedies to obtain final board finding supporting claim). Although MISD maintains that *Gray* requires a contrary result, that case did not involve the exhaustion of administrative remedies and is inapposite. *See Gray,* 93 S.W.3d at 589 (respondent trial court refused to rule on plea to jurisdiction filed in suit brought pursuant to Texas Tort Claims Act).

### CONCLUSION

Because abatement was proper under the facts presented here, the respondent's December 14, 2004 abatement order does not constitute an abuse of discretion. Because MISD has not shown an abuse of discretion, we need not consider whether MISD has an adequate remedy by appeal. The *writ* of mandamus is *denied.*