Judy HITCHCOCK, Hitchcock

v.

BOARD OF TRUSTEES, CYPRESS–
FAIRBANKS INDEPENDENT
SCHOOL DISTRICT, Appellee.

No. 01–06–00376–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 24, 2007.

Richard L. Arnett, Brim, Arnett, Robinett, Hanner, Conners & McCormick, P.C., Austin, TX, for Appellant.

Christopher Gilbert, Bracewell & Giuliani LLP, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Judy Hitchcock, a teacher at Matzke Elementary School ("Matzke") appeals from the trial court's summary judgment ordering that she take nothing against appellee, Cypress–Fairbanks Independent School District (the "District"). In five issues, Hitchcock argues that (1) the exhaustion of administrative remedies doctrine does not bar her causes of action because (a) the doctrine no longer exists under the 1995 amendments to the Education Code and (b) the 15–day deadline for filing a grievance violates the Texas Civil Practice and Remedies Code and the open courts, due process, and equal protection provisions of the Texas Constitution; (2) the exhaustion requirement does not apply to her claims; (3) the District breached her employment contract with the District, causing her damages; (4) alternatively, she has established a right to recover from the District under the doctrine of quantum meruit; and (5) the District's actions constitute an unconstitutional taking under Article I, section 17, of the Texas Constitution.

We affirm.

## Facts and Procedural History

Hitchcock teaches physical education at Matzke pursuant to an employment contract with the District. During the 2003–04 through the 2005–06 school years teachers at Matzke were required to be at school from 7:30 a.m. until 3:30 p.m. This time period is referred to as the "workday." During these same school years, the school day began for students at 8:10 a.m. and ended at 3:10 p.m. This time period is referred to as the "instructional day."

Under section 21.404 of the Texas Education Code, each classroom teacher is entitled to at least 45 minutes every day, "within the instructional day," for "instructional preparation, including parent-teacher conferences, evaluating students' work, and planning." [1] In *Weatherbie v. Tuloso-Midway Independent School District,* the commissioner of education concluded that the requirement that the planning period be scheduled within "the seven-hour school day" under section 13.902, the predecessor to section 21.404, required that the planning period be scheduled during the time when students were in class—*i.e.,* during the instructional day.[2] During the spring of 2003, Anne Odum, the principal at Matzke, informed the "large group" teachers' [3] representative on the campus planning committee that the group's planning periods for the 2003–04 school year would be scheduled from 7:40 a.m. until 8:25 a.m. The planning period was entirely within the teachers' workday but included 30 minutes outside of the students' instructional day. Later that spring, when Odum met with the "large group" teachers, Hitchcock questioned the fairness and propriety of this schedule, but was informed by Odum that she had checked and that the schedule was permissible and was being used at other schools in the district.

During the 2004–05 school year, Hitchcock's planning period was scheduled from 7:30 a.m. until 8:25 a.m. At some point, a newly-hired teacher for that year informed Hitchcock that planning periods scheduled outside of the instructional day were illegal. Sometime at the end of September or the beginning of October 2004, Hitchcock located the rule governing the scheduling of planning periods in the Faculty Handbook and the commissioner's *Weatherbie* decision and showed them to Odum. On February 10, 2005, Odum met with Hitchcock and offered to reschedule her planning period. On February 18, 2005, Hitchcock and two other teachers filed a Level One grievance with the District "request[ing] that the district immediately provide a full teacher planning and preparation period within the instructional day as required by law," or, "[a]s an alternative . . . , provide them with additional compensation for the temporary waiver of their rights . . . based on their individual hourly rate of pay and prorated for the time given them for planning and preparation outside of the instructional day." Odum responded to the grievance by rescheduling their planning periods from 8:10 a.m. until 9:05 a.m., effective February 23, 2005.

On March 10, 2005, despite the scheduling change to her planning period, Hitchcock attempted to appeal her grievance to the next level, Level Two. The District's general counsel responded on March 22, 2005 that appellant's "requested relief was

1.   Tex. Educ.Code Ann. § 21.404 (Vernon 2006).

2.   *See Weatherbie v. Tuloso–Midway Indep. Sch. Dist.,* TEA Docket No. 080–R3–385 (1985) (*available at* http://www.tea.state.tx.us/commissioner/1985/080385.DOC).

3.   The "large group" teachers at Matzke teach physical education, music, and art.

granted in its entirety" by the February 23, 2005 scheduling change and that if an issue had not been addressed by the first grievance, the appropriate procedure would be to "initiate the grievance process again." That same day, Hitchcock responded that she had requested to proceed to Level Two because of her desire to recover payment for the days during the current school year when her planning period had been scheduled outside of the instructional day.

On April 6, 2005, Hitchcock filed a second Level One grievance, which "request[ed] that the district provide her with additional compensation ... for planning and preparation outside of the instructional day...." Odum denied her grievance as untimely because it had not been filed within 15 days of the date Hitchcock "knew or should have known about the issue giving rise to the complaint," and because she was not entitled to recover unliquidated damages. This decision was upheld at Level Two on May 19, 2005 by Betty Willis, the Assistant Superintendent for Elementary Instruction, and at Level Three on June 13, 2005 by the school board.

On July 22, 2005, Hitchcock filed her original petition in Harris County district court alleging four causes of action—(1) breach of contract; (2) damages due to violation of statute; (3) quantum meruit; and (4) unconstitutional taking. She further alleged, "[T]here are no adequate and sufficient administrative remedies available ... and therefore no administrative remedies which are required to be exhausted." Following the filing of this action in district court, Hitchcock appealed the Level Three decision to the commissioner of education. On September 30, 2005, the Administrative Law Judge issued a proposal for decision recommending that the case be dismissed for lack of jurisdiction because Hitchcock failed to exhaust her administrative remedies when she did not file her grievance within the 15–day deadline. On March 27, 2007, the trial court issued an order granting the district's motion for summary judgment, which had argued that Hitchcock had failed to properly exhaust her administrative remedies and that she had not suffered any damages for which she could be legally compensated; denying Hitchcock's motion for summary judgment; and ordering that Hitchcock "take nothing" against the District.

## Standard of Review

Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Bendigo v. City of Houston,* 178 S.W.3d 112, 113 (Tex.App.-Houston [1st Dist.] 2005, no pet.). The standard of review for a traditional summary judgment motion is threefold: (1) the movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *see* Tex.R. Civ. P. 166a(c). A defendant seeking summary judgment must as a matter of law negate at least one element of each of the plaintiff's theories of recovery or plead and prove each element of an affirmative defense. *Mo. Pac. R.R. v. Lely Dev. Corp.,* 86 S.W.3d 787, 790 (Tex.App.-Austin 2002, pet. dism'd). If a trial court's order granting summary judgment does not specify the basis for the court's ruling, as is the case here, the summary judgment will be affirmed if any of the theories

advanced by the movant is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

■ When both sides move for summary judgment and the trial court grants one motion but denies the other, we review all of the evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). However, "[b]efore an appellate court may reverse summary judgment for one party and render judgment for the other party, all parties must have sought final judgment relief in their cross-motions for summary judgment." *Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*, 923 S.W.2d 147, 152 (Tex.App.-Austin 1996, writ denied).

**Exhaustion of Administrative Remedies**

In her first issue, Hitchcock argues that the exhaustion of administrative remedies doctrine does not bar her causes of action because (1) the doctrine no longer exists under the 1995 amendments to the Education Code and (2) the 15–day deadline for filing a grievance violates the Texas Civil Practice and Remedies Code and the open courts, due course of law, and equal protection provisions of the Texas Constitution.

■ Texas law requires an aggrieved party whose claim relates to the administration of school laws and involves disputed fact issues to exhaust all administrative remedies. *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323 (Tex.App.-Houston [1st Dist.] 1997, pet. denied). Until all administrative remedies have been exhausted, a trial court lacks subject-matter jurisdiction and must dismiss without prejudice the claims within the agen-

cy's exclusive jurisdiction. *In re Mabank Indep. Sch. Dist.*, 165 S.W.3d 808, 812 (Tex.App.-Tyler 2005, no pet.) (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002)).

■ Under the District's policy, district employees may initiate the formal grievance process by filing a written grievance. The grievance must be filed "[w]ithin 15 [business] days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance." If the grievance is not timely filed, it "may be dismissed, on written notice to the employee, at any point during the complaint process."

Here, Hitchcock admitted during her deposition that she first learned that her planning period for the 2003–04 school year would be scheduled from 7:40 a.m. until 8:25 a.m. during the spring of 2003. She determined that the scheduling of her planning period was contrary to *Weatherbie*[4] and discussed this schedule with Odum in late September or early October 2004. Yet, she did not file her initial grievance, which requested additional compensation only as an alternative to rescheduling her planning period, until February 18, 2005; and she did not file her second grievance, affirmatively requesting additional compensation, until April 6, 2005. Thus, Hitchcock clearly did not meet the 15–day deadline for filing her grievance, and, therefore, she failed to exhaust all available administrative remedies. *See Janik*, 961 S.W.2d at 323. Because Hitchcock did not exhaust all available administrative remedies, the trial court lacked subject matter jurisdiction over her suit and should have dismissed without prejudice the claims within the agency's

---

4. *See Weatherbie v. Tuloso–Midway Indep. Sch. Dist.*, TEA Docket No. 080–R3–385 (1985) (*available at* http://www.tea.state.tx.us/commissioner/1985/080385.DOC).

exclusive jurisdiction. *See In re Mabank,* 165 S.W.3d at 812 (citing *Subaru,* 84 S.W.3d at 221).

In addition, because Hitchcock did not file a grievance alleging the four causes of action alleged in her lawsuit against the District, she also failed to exhaust her administrative remedies regarding these causes of action, unless an exception to the exhaustion requirement applies. *See Janik,* 961 S.W.2d at 323 (noting that appellant was required to exhaust administrative remedies before resorting to courts unless exception to requirement applies).

Before we address whether the causes of action alleged in this suit fall within an exception to the exhaustion requirement, however, we must address Hitchcock's arguments (1) that the doctrine does not bar her causes of action because the doctrine no longer exists under the 1995 amendments to the Education Code and (2) that the 15–day deadline for filing a grievance violates sections 16.070 and 16.071 of the Texas Civil Practice and Remedies Code [5] and the open courts, due course of law, and equal protection provisions of the Texas Constitution.

### Amended Education Code

■ In subpart A of her first issue, Hitchcock argues that the intent and effect of the 1995 amendments to the Education Code were to eliminate any exhaustion requirement and to permit public school employees to seek immediate access to the courts because the "dramatic limitation" of the Commissioner's jurisdiction rendered the administrative remedy inadequate.

In 1995, the Texas Legislature repealed section 11.13 of the Education Code and replaced it with section 7.057. At the time it was repealed, section 11.13(a) read:

Except in cases of student disciplinary actions . . . , persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education *may* appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

Act of Aug. 26, 1986, 69th Leg., 2d C.S., ch. 4, § 3, sec. 11.13(a), 1986 Tex. Gen. Laws 6, 10 (emphasis added). Section 7.057(a) currently states:

Except as provided by Subsection (e), a person *may* appeal in writing to the commissioner [of education] if the person is aggrieved by:

(1) the school laws of this state; or

(2) actions or decisions of any school district board of trustees that violate:

(A) the school laws of this state; or

(B) a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.

TEX. EDUC.CODE ANN. § 7.057(a) (Vernon 2006) (emphasis added).

In this context, the "may" has historically been explained to mean that "an aggrieved person *may* appeal, and *if* an appeal is taken, it *must* be to the commissioner if the matter is one within the scope of the agency's review powers." *Jones v. Clarksville Indep. Sch. Dist.,* 46 S.W.3d 467, 470–71 (Tex.App.-Texarkana 2001, no pet.) (first emphasis added). Since the 1995 amendments to the Education Code, several courts, in addition to the *Jones* court, have implicitly upheld

5. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 16.070, 16.071 (Vernon 1997).

this interpretation. For example, in *Gutierrez v. Laredo Independent School District*, the San Antonio Court of Appeals affirmed the trial court's summary judgment dismissing the appellant's claims for his failure to exhaust his administrative remedies. 139 S.W.3d 363, 369 (Tex.App.-San Antonio 2004, no pet.). The appeals court, noting that evidence had been presented to the trial court that the school board had implemented a procedure to resolve grievances over an employee's wages, held that because the appellant's claims fell within the jurisdiction of the commissioner of education, the appellant "was required to seek administrative remedies before seeking relief in the courts." *Id.* at 367; *see also Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 92–93 (Tex.App.-San Antonio 2003, no pet.).

We likewise adopt the interpretation of the word "may" in section 7.057(a) to mean that an aggrieved person *may* appeal, and *if* an appeal is taken, it *must* be to the commissioner if the matter is one within the scope of the agency's review powers. Thus, despite the section 7.057 limitation to the commissioner's jurisdiction, as long as an aggrieved party's claims still fall within that jurisdiction, the party is "required to seek administrative remedies before seeking relief in the courts." *See Gutierrez*, 139 S.W.3d at 367.

We hold that, in repealing section 11.13 and replacing it with section 7.057, the legislature did not intend to allow aggrieved parties to bypass an appeal to the commissioner or to bypass available administrative remedies as a whole and to permit public school employees to seek immediate access to the courts.

We overrule subpart A of Hitchcock's first issue.

### Texas Civil Practice and Remedies Code § 16.070

■ In subpart B of her first issue, Hitchcock argues that the 15–day deadline for filing a grievance violates section 16.070(a) of the Texas Civil Practice and Remedies Code, which provides that "a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring a suit on the stipulation, contract, or agreement to a period shorter than two years." *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.070(a) (Vernon 1997). More specifically, Hitchcock argues that the 15–day deadline is "the functional equivalent of a statute of limitations" but that "the Legislature has given no authority to the local school boards of this State to adopt statutes of limitations against their employees...." [6]

Hitchcock's argument is without merit. The instant suit is not a suit on an agreement but a suit for damages for the District's alleged violation of a statute. Hitchcock points to no clause in any agreement she entered, and we have found none, that purports to limit the time in which she may file suit on the agreement. The undisputed summary judgment affidavit of Paul Tapp, an attorney employed by the Association of Texas Professional Educators, establishes that nearly all districts require grievances to be filed within no more than 15 business days from the date an employee first knows of the act giving rise to the grievance. Hitchcock provides

---

**6.** In *Van Independent School District v. McCarty*, a case concerning whether a school district had waived a seven-day deadline for appealing a termination, a majority of the Texas Supreme Court expressly refused to rule on whether school boards can impose and enforce deadlines for administrative complaints. 165 S.W.3d 351, 354 (Tex.2005) (O'Neill, J., dissenting).

no authority that this practice is contrary to law, and we know of none. Rather, we observe that Chapter 21 of the Texas Education Code, which applies to terminations, incorporates a 15–day deadline for appeal of a termination notice. *See* TEX. EDUC. CODE ANN. §§ 21.207(a), 21.253(a) (Vernon 2006). Given the gravity of a termination notice relative to a grievance, we cannot conclude that the 15–day deadline for filing a grievance is contrary to law or to the policy of this state.

There is no question that Hitchcock knew that her planning period had been misscheduled in violation of the Commissioner of Education's *Weatherbie* decision [7] by early October 2004. Nevertheless, she waited until February 2005 to complain to the District and to file her grievance, which she did despite the District's rescheduling of her planning period effective February 23, 2005.

We overrule subpart B of Hitchcock's first issue.

### Texas Civil Practice and Remedies Code § 16.071

■ In subpart C of her first issue, Hitchcock argues that the 15–day deadline for filing a grievance also violates section 16.071(a) of the Texas Civil Practice and Remedies Code. More specifically, Hitchcock contends that the deadline is "void insofar as it is 'a condition precedent to the right to sue.'" Section 16.071(a) states that "[a] contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable. A stipulation that requires notification within less than 90 days is void." TEX. CIV. PRAC. & REM. CODE ANN. § 16.071(a) (Vernon 1997). The 15–day deadline at issue is not

a stipulation in a contract between Hitchcock and the District. Thus, we conclude that section 16.071 is inapplicable.

We overrule subpart C of Hitchcock's first issue.

### Texas Constitutional Arguments: Open Courts, Due Process, and Equal Protection

In subparts D through F of her first issue, Hitchcock argues that the 15–day deadline for filing a grievance violates the open courts, due process, and equal protection provisions of the Texas Constitution.

### Open Courts Provision

■ In subpart D, Hitchcock contends that because Texas courts have uniformly held that notice requirements of 90 days or less imposed by local governmental bodies violate the open courts provision of the Texas Constitution, the District's 15–day deadline cannot constitutionally operate as a bar to her common law claims. *See Borne v. City of Garland*, 718 S.W.2d 22, 25 (Tex.App.-Dallas 1986, writ ref'd n.r.e.) (holding that home-rule city's notice of claim provision, requiring written notice of personal injury claim within 30 days without any exceptions, such as "good cause" or "actual notice," violated open courts provision of Texas Constitution). Hitchcock's argument is without merit.

Article I, section 13, of the Texas Constitution, commonly known as the open courts provision, states, in part, that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. In *Sax v. Votteler*, the Texas Supreme Court established a test for determining whether restrictions on the right to bring a lawsuit constitute a violation of the

---

7. *See Weatherbie v. Tuloso–Midway Indep. Sch. Dist.,* TEA Docket No. 080–R3–385 (1985) (*available at* http://www.tea.state.tx.us/ commissioner/1985/080385.DOC).

open courts provision, holding that "the right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." 648 S.W.2d 661, 665–66 (Tex.1983). In applying this test, courts should "consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected." *Id.* at 666. In analyzing a plaintiff's right to redress, the plaintiff must prove two things: (1) that he has a legally cognizable common law cause of action that is being restricted and (2) that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Id.*

In *Sutton v. Katy Independent School District,* the plaintiff argued that the provision of the Education Code that prohibited students from appealing disciplinary actions to the commissioner of education and seeking review in district court violated the open courts provision. 961 S.W.2d 216, 218 (Tex.App.-Houston [1st Dist.] 1997, no writ.). This court rejected that argument, however, because "there is no common-law cause of action for judicial review of an administrative agency's actions." *Id.* The same reasoning applies here.

Hitchcock's "common law" claims are likewise all claims for damages allegedly arising from the District's violation of section 21.404 of the Texas Education Code, which was the subject of Hitchcock's untimely filed grievance. There is no common law right to review of a grievance brought against a school district for misapplying the commissioner of education's directives. *See Sutton,* 961 S.W.2d at 218. Therefore, the open courts provision of the Texas Constitution does not apply to Hitchcock's claims.

We overrule subpart D of Hitchcock's first issue.

## Due Process

In subpart E of her first issue, Hitchcock argues that the 15–day deadline violates the due process clause of the Texas Constitution because it is "nothing more than an obstacle in the path of citizens pursuing a legitimate redress for wrong committed by public entities."

■ A due process claim and an open courts claim are essentially identical because the open courts provision "is, quite plainly, a due process guarantee." *Sax,* 648 S.W.2d at 664; *see also Stout v. Grand Prairie Indep. Sch. Dist.,* 733 S.W.2d 290, 293 (Tex.App.-Dallas 1987, writ ref'd n.r.e.) ("The open courts provision is a facet of due process."). Thus, for the reasons stated above, we hold that the 15–day deadline does not violate the due process clause of the Texas Constitution.

We overrule subpart E of Hitchcock's first issue.

## Equal Protection

■ In subpart F of her first issue, Hitchcock argues that the 15–day deadline violates the equal protection clause of the Texas Constitution because "[t]here is no rational basis for imposing a different limitation period for only those claims which appear to be within the jurisdiction of the Commissioner, as opposed to all other claims against a school district."

■ The Texas Constitution leaves it to the legislature to determine which methods, restrictions, and regulations are necessary and appropriate to provide for the maintenance of the public schools. *Spring Branch I.S.D. v. Stamos,* 695 S.W.2d 556, 559 (Tex.1985). Unless the classification created by a state regulatory scheme infringes upon fundamental rights or burdens an inherently suspect class, the

standard under which equal protection claims are reviewed is "whether the establishment of disparate treatment for different classes is rationally related to goals the legislature sought to achieve by enacting the legislation." *Stout*, 733 S.W.2d at 295; *see also Stamos*, 695 S.W.2d at 559. In *Stout v. Grand Prairie Independent School District*, the Dallas Court of Appeals considered whether the Education Code's grant of immunity to teachers for most claims violated equal protection because it treated teachers differently from other citizens. *See Stout*, 733 S.W.2d at 295–96. The court found that "[p]rotecting teachers from tort liability ensures the continuing availability and high quality of free public education, an important social interest protected by the Texas constitution." *Id.* at 295. Thus, "the disparate treatment" of those injured by a school employee—*i.e.*, application of the immunity doctrine—was rationally related to the legislature's goal of ensuring the continuing availability of quality public education and did not violate equal protection. *Id.* at 295–96.

■ The policy behind requiring the exhaustion of administrative remedies is to encourage parties to resolve their dispute without resorting to litigation when an administrative procedure has been provided for that purpose. *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 702 (Tex.App.-Waco 2002, pet. withdrawn by agr.). Requiring an employee to file a formal grievance within 15 days of the date the employee first knew .or should have known about the act giving rise to the grievance compels employees to notify local school officials about a complaint and allows local school officials to consider and quickly resolve complaints, thereby "ensur[ing] the continuing availability and high quality of free public education." *See Stout*, 733 S.W.2d at 295.

We hold that the 15–day deadline is rationally related to the goal of quickly resolving teacher complaints. Accordingly, we hold that the deadline does not violate the equal protection clause of the Texas Constitution.

We overrule subpart F of Hitchcock's first issue.

### Exceptions

Having overruled Hitchcock's challenges to the exhaustion requirement and the 15–day deadline, we now address whether the causes of action alleged in her suit against the District fall within an exception to the exhaustion requirement.

■ Exhaustion of administrative remedies is not necessary if: (1) the aggrieved party will suffer irreparable harm and the administrative agency is unable to provide relief; (2) the claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the commissioner of education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment with the school district. *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 291–92 (Tex.App.-Dallas 2005, no pet.).

■ In her first amended original petition, Hitchcock alleges four causes of action arising out of the District's misscheduling of her planning period outside of the instructional day: (1) breach of contract; (2) damages due to violation of statute; (3) quantum meruit; and (4) an unconstitutional taking. The only cause of action alleged that arguably falls within the scope of actions not subject to the exhaustion requirement is her takings claim under the Texas Constitution.

The takings clause prohibits the State from taking a person's property under its sovereign powers without adequate compensation unless by such person's consent. TEX. CONST. art. I, § 17. To establish a takings claim, Hitchcock must prove (1) the State intentionally performed certain acts (2) that resulted in a "taking" of her property (3) for public use. *See Steele v. City of Houston,* 603 S.W.2d 786, 788–92 (Tex.1980). A property interest must find its origin in some aspect of state law. *Stamos,* 695 S.W.2d at 561; *see also Bishop v. Wood,* 426 U.S. 341, 344–46, 96 S.Ct. 2074, 2077–78, 48 L.Ed.2d 684 (1976) (holding that state law determines which state-created interests constitute property). An agency's failure to follow its own procedural rules governing employment does not create a property interest that does not otherwise exist. *Stratton v. Austin Indep. Sch. Dist.,* 8 S.W.3d 26, 30 (Tex.App.-Austin 1999, no pet.).

Hitchcock has not identified any property that was taken from her for public use. Rather, she complains that the District took her property by failing to follow its own scheduling rule. Hitchcock has no protected property interest in the scheduling of her workday by the District. *See Stratton,* 8 S.W.3d at 30. Moreover, the time Hitchcock alleges the District improperly took from her was time for which she was being compensated by the District, namely time within the workday.

We overrule Hitchcock's second issue.

### Other Claims

Because we have ruled that Hitchcock failed to exhaust her administrative remedies and that she has no viable cause of action that does not require exhaustion, we need not address the merits of her breach of contract, quantum meruit, and takings claims.

## CONCLUSION

We affirm the judgment of the trial court.