

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00845-CV

Sandra **JENNINGS**,
Appellant

v.

Robert **SCOTT**, Commissioner of Education, and Boerne Independent School District,
Appellees

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 11-530
Honorable Bill R. Palmer, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  January 8, 2014

AFFIRMED

Sandra Jennings, a former employee of Boerne Independent School District ("B.I.S.D."), appeals from the trial court's order (1) affirming the education commissioner's decision to uphold the school district's nonrenewal of her term contract, and (2) rendering judgment against her on her constitutional and statutory claims. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Jennings was employed by B.I.S.D. as a teacher for the 2010-11 school year under a one-year term contract. In September 2010, Jennings was advised that the B.I.S.D. administration

would recommend nonrenewal of her contract to the board of trustees. On April 1, 2011, Jennings received notice that the board had voted to propose nonrenewal of her contract. Jennings timely requested a hearing on the nonrenewal of her contract pursuant to section 21.207(a) of the Texas education code. Under section 21.207(a), a hearing may not be held later than the fifteenth day after the date the board receives the request for a hearing, unless the parties agree in writing to a different date. *See* TEX. EDUC. CODE ANN. § 21.207(a) (West 2012). Jennings and the board agreed in writing that the hearing would be held on May 26, 2011. However, due to concerns about compliance with the Texas Open Meetings Act, the hearing was not held on May 26, 2011. Jennings agreed to reschedule the hearing, which was ultimately set for June 14, 2011.

On May 25, 2011, Jennings filed a grievance with B.I.S.D., complaining that her recent performance appraisal contained unjustified ratings. In her grievance, Jennings asserted:

> The [B.I.S.D.] administration has been acting in bad faith all year, manufacturing negative documentation against me in an attempt to procure the nonrenewal of my contract at the end of the [] school year. The information on which the unjustified ratings in this appraisal are based are the direct result of false, distorted, and exaggerated documentation by my principal and the Human Resources Director.

B.I.S.D. advised Jennings her grievance would be heard on June 14, 2011, in conjunction with the nonrenewal hearing.

The B.I.S.D. board of trustees held a hearing on June 14, 2011. Jennings and her lawyer appeared briefly at the hearing. However, when the board began to consider the nonrenewal of her contract, Jennings and her lawyer left the hearing. Jennings took the position that her contract had been renewed by operation of law because the board had not held the nonrenewal hearing within fifteen days of her request and the parties had not agreed in writing to a June 14, 2011 hearing date. Notwithstanding Jennings's position, the board proceeded with the nonrenewal hearing on June 14, 2011. At this hearing, the board decided Jennings's term contract would not be renewed.

In response, Jennings appealed the board's nonrenewal decision to the commissioner of education, arguing her contract was renewed by operation of law when the board failed to hold a nonrenewal hearing within fifteen days after the date it received her request in accordance with section 21.207(a) of the education code. The commissioner determined Jennings agreed to waive the fifteen-day deadline, and therefore, the board had authority under section 21.207(a) to conduct the nonrenewal hearing on June 14, 2011. The commissioner upheld the board's nonrenewal decision and denied Jennings's administrative appeal.

Thereafter, Jennings filed a petition in the trial court seeking judicial review of the commissioner's decision. Jennings also claimed in her petition that the board violated section 617.005 of the Texas government code and article 1, section 27 of the Texas constitution by failing to hold a hearing on her grievance.

On September 26, 2012, Jennings, B.I.S.D., and the commissioner appeared in the trial court for a hearing. The administrative record was admitted into evidence and the parties had an opportunity to present their arguments. At the conclusion of the hearing, the trial court signed an order affirming the commissioner's decision and denying Jennings's statutory and constitutional claims against B.I.S.D.

Jennings then filed a motion for new trial in which she asked the trial court to reinstate her statutory and constitutional claims against B.I.S.D. B.I.S.D. filed a response to the motion for new trial, arguing Jennings's claims against B.I.S.D. were properly denied because Jennings had failed to exhaust her administrative remedies as to these claims. The trial court held a hearing on the motion for new trial and denied the motion. This appeal ensued.

### JUDICIAL REVIEW OF THE COMMISSIONER'S DECISION

In her second issue, Jennings argues the trial court erred in affirming the decision of the commissioner of education. A court may reverse the commissioner's decision only if (1) the

decision is not supported by substantial evidence or (2) the commissioner's conclusions of law are erroneous. *Wittman v. Nelson*, 100 S.W.3d 356, 359 (Tex. App.—San Antonio 2002, pet. denied) (citing *Montgomery ISD v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000)); *see* TEX. EDUC. CODE ANN. § 21.307(f) (West 2012). The commissioner's decision is supported by substantial evidence if reasonable minds could have reached the same conclusion. *Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 443 (Tex. App.—Austin 2011, no pet.). Although substantial evidence is more than a mere scintilla, the evidence in the record may preponderate against the commissioner's decision and still amount to substantial evidence. *Id.* A court defers to the commissioner's interpretation of the education code if such an interpretation is reasonable and does not contradict the plain language of the statute. *Id.*; *Wittman*, 100 S.W.3d at 359.

Jennings maintains that the trial court erred in affirming the commissioner's decision. According to Jennings, the board did not hold a hearing concerning the nonrenewal of her term contract within fifteen days of receiving her request for a hearing, nor did the board hold the hearing on a date agreed to by the parties in writing in compliance with section 21.207(a). For these reasons, Jennings maintains that her term contract was renewed by operation of law.

Section 21.207(a) of the Texas education code provides:

> If the teacher desires a hearing after receiving notice of the proposed nonrenewal, the teacher shall notify the board of trustees in writing not later than the 15th day after the date the teacher receives hand delivery of the notice of the proposed action, or if the notice is mailed by prepaid certified mail or delivered by express delivery service, not later than the 15th day after the date the notice is delivered to the teacher's address of record with the district. *The board shall provide for a hearing to be held not later than the 15th day after the date the board receives the request for a hearing unless the parties agree in writing to a different date.* The hearing must be closed unless the teacher requests an open hearing.

TEX. EDUC. CODE ANN. § 21.207(a) (West 2012) (emphasis added).

Here, the commissioner made the following findings of fact:

2. On or about April 1, 2011, Petitioner [Jennings] received notice that Respondent's [B.I.S.D.'s] board of trustees had voted to propose the nonrenewal of her term contract.

3. Petitioner timely requested a hearing pursuant to Texas Education Code section 21.207.

4. On April 21, 2011, by email, the parties agreed to an unconditional waiver of the fifteen-day hearing deadline set forth in Section 21.207, Education Code. Along with the waiver of the deadline, the parties discussed potential dates for the hearing; however, the waiver was not conditioned upon holding the hearing on or by a specific date.

5. The original hearing date, May 26, 2011, was passed by the agreement of the parties, including Petitioner, due to Open Meetings Act agenda posting concerns.

6. After agreeing to pass the May 26, 2011 hearing date, and later in the day on May 26, the parties agreed via email to reschedule the hearing to June 14, 2011, a date proposed by Petitioner's counsel, subject to ensuring the availability of the board of trustees. Petitioner did not challenge the lawfulness of postponing the May 26th hearing to another date at this time and specifically offered and agreed to the June 14, 2011 date. Petitioner's counsel was inadvertently not copied on the May 26, 2011 email that confirmed the board's availability on June 14, 2011.

….

8. On the evening of May 27, 2011, Petitioner, through her counsel, informed Respondent that she withdrew her "potential agreement" to the June 14, 2011 hearing date because her contract had automatically been renewed by operation of law.

….

10. Petitioner and her counsel appeared at the June 14, 2011 board hearing . . . but departed . . . before the board convened the nonrenewal hearing.

The commissioner also made the following conclusions of law:

3. Texas Education Code section 21.207(a) requires a school board to hold an evidentiary hearing concerning the proposed nonrenewal of a term contract not later than the 15th day after the date the board receives the request for a hearing unless the parties agree in writing to a different date.

4. Petitioner agreed to waive the fifteen-day deadline established in Texas Education Code section 21.207(a) in her April 21, 2011 email to the administration and the hearing officer without establishing any conditions for the waiver.

5. The fifteen-day deadline established in Texas Education Code section 21.207(a) does not apply to subsequent agreements to reschedule a hearing after the waiver has been agreed to, absent specific conditions being attached to the waiver.

6. There is no violation of Texas Education Code section 21.207(a) if the board fails to hold a hearing within 15 days once Petitioner and Respondent have agreed to reschedule the hearing date.

Jennings takes the position that under section 21.207(a) the board was required to hold a hearing within fifteen days of receiving her request for a hearing, absent an explicit agreement to hold the hearing on a particular date. In this case, however, the commissioner interpreted section 21.207(a) to mean that once the parties waived the fifteen-day deadline without conditions or restrictions, the deadline remained waived. We conclude the commissioner's interpretation of the statute was reasonable.

We further conclude that the commissioner's finding of fact concerning Jennings's unconditional waiver of the hearing deadline was supported by substantial evidence. The parties agreed to an unconditional waiver of the fifteen-day deadline on April 21, 2011, when the board's lawyer sent an e-mail stating, "Please confirm by 'reply all' that you are in agreement to waive the 15 day timeline," to which Jennings's lawyer responded, "Agreed." No one conditioned the scheduling of the hearing on a date outside the fifteen-day period on a date certain. Additionally, we conclude the commissioner's findings concerning Jennings's agreement to postpone the May 26, 2011 hearing date was supported by substantial evidence. The record shows that the day before the May 26, 2011 hearing, the parties agreed to reschedule the hearing because of concerns that the agenda posting may have been inadequate. After a discussion among the parties, the board's lawyer wrote to Jennings's lawyer: "This will confirm our agreement to postpone the nonrenewal hearing because of inadequate agenda posting." Jennings's lawyer did not respond by arguing that

he had made no agreement to reschedule the hearing. Instead, Jennings's lawyer sent several emails suggesting dates that would work for him. In one of these emails, Jennings's lawyer stated, "The 14th would work . . . . Also, . . . I am available any time the week of the 27th." Jennings's lawyer provided other dates that were outside the fifteen-day time period, and the district and its lawyer accepted the June 14, 2011 date proposed by Jennings's lawyer.

The crux of Jennings's argument is that the commissioner's decision in the present case is inconsistent with his decision in another case, *Barrientes v. Beeville Indep. Sch. Dist.*, No. 060-R1-505 (Tex. Comm'r Educ. 2005). However, as explained in the commissioner's decision, *Barrientes* is distinguishable from the present case. In *Barrientes*, a school district employee timely requested a nonrenewal hearing under section 21.207(a). Initially, the renewal hearing was set within the fifteen-day time period set by the statute. When the employee's lawyer was unavailable on that date, he wrote the district a letter explaining that he was willing to consider other dates and times after the fifteen-day deadline. The employee's lawyer offered three specific dates after the fifteen-day deadline: April 21, April 27, or April 28, 2005. Initially, the district set the hearing for April 28, 2005, but then rescheduled the hearing after determining that the notice of the hearing was not properly posted. The district unilaterally moved the hearing date to April 29, 2005, and informed the employee's lawyer. In response, the employee's lawyer informed the board that he could not attend an April 29 hearing for personal reasons. The employee's lawyer also wrote a letter explaining that the district lacked authority to hold the hearing on April 29, 2005. The district nevertheless held the nonrenewal hearing on April 29, 2005. Neither the employee nor his lawyer attended the hearing. At the April 29 hearing, the board did not address the merits of the nonrenewal, focusing instead on whether it should proceed to hold the hearing. The employee's lawyer did not request a continuance of the April 29 hearing; however, the board president determined the employee should be given another opportunity to present his case. The employee

was given the option of attending a hearing on May 3 or May 5, but declined to attend the hearing. At a May 5, 2005 hearing, the board decided to nonrenew the employee's contract.

In *Barrientes*, the commissioner determined that the initial letter sent to the district by the employee's lawyer contained an offer to extend the fifteen-day deadline for holding a hearing, if the hearing was held on April 21, 27, or 28, 2005. The commissioner further determined that the district sent a letter accepting this offer to hold the hearing on April 28, 2005. Thus, the commissioner concluded these two letters, construed together, constituted a written agreement to hold the hearing on April 28, 2005, and this agreement did not allow the district to hold the hearing on another day. The commissioner concluded that neither the employee nor his lawyer had a duty to attend the April 29 or the May 5 hearing, and the board's decision to nonrenew the counselor's contract was void because the board conducted the hearing in violation of section 21.207(a).

In the present case, the commissioner recognized that the facts surrounding the parties' agreement were different from the facts surrounding the parties' agreement in *Barrientes*. First, in the present case, unlike in *Barrientes*, the school district did not unilaterally reschedule the hearing date. The June 14, 2011 hearing date was offered by Jennings's lawyer and accepted by the school district. Second, Jennings did not inform the school district, as the employee did in *Barrientes*, that her lawyer had a scheduling conflict. Third, Jennings and her lawyer were initially present at the June 14, 2011 hearing and left when the nonrenewal portion of the hearing began. Fourth, the waiver of the fifteen-day deadline in the present case was not tied to a specific date. Finally, the hearing date in the present case never changed from the date of Jennings's initial offer. For these reasons, the commissioner determined that B.I.S.D. conducted the nonrenewal hearing in compliance with section 21.207(a).

We are of the opinion that reasonable minds could have reached the same conclusion as the commissioner. We therefore hold that the trial court did not err in affirming the commissioner's decision. Jennings's second issue is overruled.

## CONSTITUTIONAL AND STATUTORY CLAIMS

Jennings's petition alleged: "The Board of Trustees of Boerne Independent School District violated Ms. Jennings' right to have her grievance concerning her appraisal considered by the Board in violation of Article I Section 27 of the Texas Constitution and Section 617.005 of the Government Code."[1] In her first issue, Jennings argues the trial court erred in rendering judgment against her on her statutory and constitutional claims in the absence of an evidentiary hearing, a motion for summary judgment, a motion to dismiss, or some other procedural vehicle for considering these claims on the merits.

The trial court held an evidentiary hearing in this case on September 26, 2012. At the end of this hearing, the trial court stated it was denying all of Jennings's claims and it signed a judgment to that effect. At the time, Jennings did not object to the trial court signing a judgment disposing of all of her claims. Jennings then filed a motion for new trial arguing her statutory and constitutional claims had not been heard by the trial court at the September 26, 2012 hearing. The motion for new trial asked the trial court to reinstate her statutory and constitutional claims against B.I.S.D. These statutory and constitutional claims stemmed from Jennings's contention that the

---

[1]Article I, section 27 of the Texas constitution grants citizens the right to "apply to those invested with the powers of government for redress of grievances or other purposes." TEX. CONST. art. 1, § 27. Section 617.005 of the Texas government code provides:

> This chapter does not impair the right of public employees to present grievances concerning their wages, hours of employment, or conditions of work either individually or through a representative that does not claim the right to strike.

TEX. GOV'T CODE ANN. § 617.005 (West 2012).

board failed to hold a hearing on her grievance about her appraisal. B.I.S.D. urged the trial court to deny the motion because, among other things, Jennings had not presented her grievance complaint to the education commissioner and, therefore, she failed to exhaust her administrative remedies before filing her claims in the trial court.

We review the trial court's denial of a motion for new trial for an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Business Staffing, Inc. v. Viesca*, 394 S.W.3d 733, 750 (Tex. App.—San Antonio 2012, no pet.). In conducting our review, we make every reasonable presumption in favor of the trial court's decision. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809-10 (Tex. 1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003); *Viesca*, 394 S.W.3d at 750.

Generally, under Texas law, an aggrieved party, whose claim relates to the administration of school laws and involves disputed fact issues, must exhaust his administrative remedies with the education commissioner before turning to the courts. *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366 (Tex. App.—San Antonio 2004, no pet.); *Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 91-92 (Tex. App.—San Antonio 2003, no pet.). There are exceptions to this rule. *Hitchcock v. Board of Trustees, Cypress-Fairbanks Indep. Sch. Dist.*, 232 S.W.3d 208, 218 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Gutierrez*, 139 S.W.3d at 366. Exhaustion of administrative remedies is not necessary if: (1) the aggrieved party will suffer irreparable harm and the administrative agency is unable to provide relief; (2) the claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the commissioner of education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment with the school district. *Hitchcock*, 232 S.W.3d at 218; *Dotson v. Grand Praire Indep. Sch. Dist.*, 161 S.W.3d 289, 291-92 (Tex. App.—Dallas 2005, no pet.).

In the trial court, Jennings did not argue that she met an exception to the exhaustion of remedies doctrine. But even if she had raised this argument, only one of the recognized exceptions—the exception concerning a violation of constitutional or federal statutory rights— was potentially applicable to her. Jennings alleged violations of a state statute and a state constitutional provision. Jennings's *state* statutory claim does not fall under this exception because this exception applies only to claims based on *federal* statutory rights. *See Hitchcock*, 232 S.W.3d at 218; *Rodriguez*, 121 S.W.3d at 92. Likewise, Jennings's state constitutional claim does fall under this exception. When a constitutional claim is only ancillary to or supportive of a complaint about the board's handling of an employment contract, the complaining party must first exhaust the administrative process. *Dotson*, 161 S.W.3d at 292-93.

Here, the trial court could have found that Jennings's constitutional claim, alleging that the board failed to hold a hearing on her grievance and thereby violated the Texas constitution, was ancillary to or supportive of her complaint about the board's handling of her employment contract. In her grievance, Jennings complained the B.I.S.D. administration had been "acting in bad faith all year, manufacturing negative documentation against [her] in an attempt to procure the nonrenewal of [her] contract at the end of the [] school year." Under these circumstances, it would have been reasonable for the trial court to conclude that Jennings was not exempted from the requirement that she exhaust her administrative remedies before bringing her statutory and constitutional claims in the trial court. *See id.* (holding that a school teacher who asserted claims against a school district for breach of his employment contract and violations of article I, section 27 of Texas constitution was not exempt from first exhausting administrative remedies).

We hold the trial court did not abuse its discretion in denying Jennings's motion for new trial. Jennings's first issue is overruled.

**CONCLUSION**

Having overruled both of Jennings's issues, we affirm the trial court's judgment.

Karen Angelini, Justice