James A. HARDMAN, Appellant,

v.

Raymond D. DAULT, Appellee.

No. 04–98–00016–CV.

Court of Appeals of Texas, San Antonio.

June 16, 1999.

---

David Lee Cunningham, Killian, Hayden & Cunningham, San Antonio, for appellant.

Michael J. Shelly, Corpus Christi, Thomas W. McKenzie, Law Offices of Thomas W. McKenzie, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice.

## ON APPELLANT'S MOTION FOR REHEARING

Opinion by: PAUL W. GREEN, Justice.

On rehearing, we withdraw our prior opinion and judgment and substitute the following.

James A. Hardman appeals a summary judgment in favor of Raymond D. Dault enforcing a written settlement agreement. Hardman also complains he was denied a jury trial on the issue of attorney's fees. We affirm the judgment enforcing the settlement agreement; however, we reverse the award of attorney's fees and remand that issue for a new trial.

### Facts and Procedural Background

Hardman owned 19 acres of land securing his real estate lien note payable to Dault. Hardman defaulted on the note and, pursuant to the terms of a deed of trust, Dault initiated non-judicial foreclosure proceedings against the property. Hardman filed suit to stop the foreclosure, and Dault filed a counterclaim to enforce the note and seek foreclosure of the vendor's lien. The trial court ordered the dispute to mediation, which was conducted on December 16, 1996. The mediation was successful.

Pursuant to the mediated settlement, the parties signed a memorandum setting out the terms of the settlement as follows:

The parties below agree to enter a Take Nothing Judgment in this matter based upon the following conditions, and in full & final settlement of all claims stated herein:

1. Dault agrees to dismiss the foreclosure action against Hardman, with prejudice;

2. Hardman agrees to pay to Dault an amount of $50,000, over ten years, at a compound rate of 8.5%, with the first payment due on or before April 1, 1998, and an acceleration clause conditioned on 3 missed payments (not consecutively), secured by the subject property of this suit;

3. Hardman agrees to dismiss this lawsuit with prejudice;

4. All parties pay their own costs, expenses, and attorneys fees;

5. Final documents to be signed by 1–1–97.

Dault tendered "final documents" to Hardman on December 30, 1996, but Hardman refused to sign them. Dault then amended his counterclaim to seek enforce of the settlement agreement; his motion for summary judgment on the settlement agreement was granted.

Hardman challenges the summary judgment by raising two issues on appeal: first, whether the settlement memorandum established an enforceable agreement as a matter of law; and second, whether the trial court erred by denying Hardman a jury trial on the question of attorney's fees.

### The Standard of Review

We review a summary judgment *de novo* in accordance with well-established principles. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *see generally* W. Wendell Hall, *Standards of Review in Texas,* 29 St. Mary's L.J. 351, 416–18 (1998).

### Enforceability of Settlement Agreement

Hardman claims the mediated settlement was only tentative and the parties did not intend their memorandum agreement to be binding. Specifically, Hardman points to the January 1, 1997 deadline imposed in the agreement for signing "final documents" as evidence the settlement was not intended to be final.

A mediated settlement agreement is enforceable in the same manner as any other contract. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a)(Vernon 1997); *Martin v. Black,* 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied). An agreement is enforceable if it is "complete within itself in every material detail, and [ ] contains all of the essential elements of the agreement." *Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex.1995). The intent of the parties to be bound is an essential element of an enforceable contract, *see Foreca, S.A. v. GRD Development Co., Inc.,* 758 S.W.2d 744, 746 (Tex. 1988), and is often a question of fact. *Id.* But where that intent is clear and unambiguous on the face of the agreement, it may be determined as a matter of law. *Cf. Padilla,* 907 S.W.2d at 461–62.

The settlement memorandum in this case sets out the essential terms of the agreement. No material or essential detail was left out. All that remained were the "final documents" necessary to carry out the agreement. Hardman claims the parties contemplated that signing final documents by January 1, 1997 was a condition precedent to the formation of an enforceable agreement. Since the documents were not signed by the deadline, Hardman says there was no contract. The issue, then, is whether the contemplated documentation was a condition precedent to the formation of a contract or simply a memorial of an already enforceable contract.

In *Foreca, S.A. v. GRD Development Co., Inc.,* the supreme court addressed the same issue. In that case, two offer

letters contained language specifically making them subject to "satisfactory legal documentation." *See* 758 S.W.2d at 744–45. The court held the "subject to" language raised a fact issue concerning whether the parties intended the letters to be binding. *See id.*, 758 S.W.2d at 746. Similarly, in *Martin v. Black*, a settlement memorandum prepared pursuant to a mediated settlement contained language that "the parties' understandings are subject to securing documentation satisfactory to the parties." *See* 909 S.W.2d at 196. Following *Foreca*, the Houston court held that the "subject to" language left a fact issue on the question of the parties' intent to be bound by the settlement memorandum. *Id.* at 197.

There is no "subject to" language in the settlement memorandum in this case, however. The "final documents" provision neither suggests nor infers that the parties intended that the agreement was to be subject to any subsequent action by the parties, or that the signing of documents was to be a condition precedent to the formation of an enforceable contract. Thus, since the settlement agreement contains all essential terms, and there being no fact issue concerning whether the parties intended the settlement agreement to be binding, the partial summary judgment enforcing the written settlement agreement is affirmed.

### Attorney's Fees

■ Hardman also complains he was denied his right to a jury trial on the issue of attorney's fees. When he sued Dault, Hardman filed a jury demand. However, when the case was settled through mediation, the case was dropped by agreement from its impending jury trial setting. Later, after a dispute developed over the settlement agreement, Dault filed a motion to enforce the agreement and for summary judgment. The trial court granted a partial summary judgment enforcing the settlement agreement and the issue of Dault's attorney's fees was set for non-jury trial at a later date. Four days before the trial on attorney's fees, Hardman filed a motion to strike the non-jury setting, insisting on his right to a jury trial and requesting that the matter be moved to the jury docket. On the day of trial, Hardman advised the court he was not waiving his right to a jury trial. Dault responded with procedural objections to Hardman's motion to strike the non-jury setting. Without ruling on either Hardman's motion or Dault's objections, the court proceeded with the non-jury trial on attorney's fees.

■ Dault claims Hardman failed to preserve error by failing to obtain an express ruling from the court on his motion to strike the non-jury setting. But when the ruling of the court is implicit by its actions, no express ruling is required. *See* TEX.R.APP. P. 33.1(a)(2)(A); *Blum v. Julian*, 977 S.W.2d 819, 823 (Tex.App.—Fort Worth 1998, no pet.) (holding subsection 2(A) of Rule 33.1(a) relaxes former requirement of express ruling). The trial court knew that Hardman was insisting on his right to a jury trial and even inquired when the jury demand had been filed. The court nevertheless proceeded with the non-jury trial and thus Hardman's objection was implicitly overruled. The issue was preserved for our review.

■ Dault further contends Hardman waived his right to a jury trial when he agreed to remove the case from the jury docket after it had been settled in mediation, pointing to a letter agreement between the parties. However, the letter Dault refers to states only that "the trial setting in this matter, (January 21, 1996) is being passed at this time . . . ." The letter does nothing more than inform the court of the settlement, making the trial setting unnecessary, and it cannot be construed as a jury waiver.

Because Hardman timely filed a jury demand and insisted on, and did not waive, his right to a jury trial on the contested fact issues in the case, we hold he was

improperly denied a jury trial on the attorney's fee issue.

### Conclusion

The judgment enforcing the settlement agreement is AFFIRMED; however, the trial court's award of attorney's fees is REVERSED and that issue is REMANDED for a new trial.