Antonio J. GUTIERREZ, Appellant,

v.

LAREDO INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 04–03–00353–CV.

Court of Appeals of Texas,
San Antonio.

May 12, 2004.

Regina Bacon Criswell, Law Office of Regina B. Criswell, Helotes, Rene Rodriguez, Law Office of Rene Rodriguez, Corpus Christi, for appellant.

Phillip A. McKinney, Angelica E. Hernandez, McKinney & Hernandez, P.C., Corpus Christi, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

### OPINION ON DENIAL OF MOTION FOR REHEARING

Opinion by ALMA L. LÓPEZ, Chief Justice.

The motion for rehearing filed by appellant, Antonio J. Gutierrez, is denied. This court's opinion and judgment dated April 7, 2004 are withdrawn, and this opinion and judgment are substituted. We substitute this opinion to clarify portions of our opinion and to clarify that the trial court denied the motion to strike the amended motion; however, our decision in this case is based on a ground raised in the original motion. For this reason, we do not ad-

dress the trial court's ruling on the motion to strike.

Antonio Gutierrez sued Laredo Independent School District (LISD) for breach of contract, declaratory relief, and equitable estoppel. Gutierrez appeals the trial court's order granting LISD's motion for summary judgment. Because we find that the trial court properly granted summary judgment based on LISD's argument that Gutierrez failed to exhaust his administrative remedies, which were asserted in LISD's original motion for summary judgment, we limit our discussion to this issue and do not address Gutierrez's other issues because they are not necessary to the final disposition of this appeal. TEX.R.APP. P. 47.1.

## BACKGROUND

Laredo Independent School District (LISD) employed Antonio Gutierrez for approximately 39 years. Gutierrez began his employment as a teacher and was later promoted to work in various administrative capacities. During 1998, Gutierrez was employed by LISD as Assistant Superintendent of Risk Management/Facilities Assessment. On April 2, 1998, Gutierrez received a letter signed by LISD's superintendent, stating that the Board of Trustees had voted to eliminate his current position. The letter also stated that the Board had created a new position of Director of Risk Management. The letter further stated that effective July, 1, 1998, Gutierrez's title would change to Director of Risk Management, and that his salary would not be less than his current salary. Included in the letter was a job description for the new title, an employment contract that Gutierrez was required to sign and return before April 15, 1998, draft minutes of the March Board Meeting, and LISD's employment policies.

The employment contract did not mention a specific salary. Instead, the contract stated that the salary would be set "according to the compensation plan adopted by the Board." Both Gutierrez and LISD's Superintendent signed the employment contract on April 3, 1998.

On June 12, 1998, Gutierrez received another letter from LISD's Superintendent stating that the Board of Trustees had met in a special meeting on April 14, 1998, and adopted a new job description for the position of Director of Risk Management. The Board voted to place the new position in Pay Grade Six with a maximum annual salary of $66,587.00. The Superintendent stated that she was notifying Gutierrez that his salary as Director of Risk Management for the 1998–99 school year had been set by the Board to be $66,587.00. The letter concluded by stating that the information provided in the June letter superseded anything to the contrary contained in the April letter.

When Gutierrez received the April letter from the LISD Superintendent, his annual salary was $100,472.43. The salary set by the Board for the newly created position, as stated in the June letter, decreased Gutierrez's current salary by $33,885.43. On June 17, 1998, Gutierrez sent a letter to LISD advising that he considered the reduction in his salary to constitute a breach of contract and that he was resigning his position effective June 30, 1998.

Gutierrez filed his original petition on June 27, 2002. LISD filed its original motion for summary judgment on January 31, 2003. LISD filed an amended motion for summary judgment on March 24, 2003, only seven days before the scheduled hearing on the original motion for summary judgment. The trial court granted summary judgment on all grounds raised in both the original and amended motions.

## STANDARD OF REVIEW

When reviewing a summary judgment, we must adhere to these well-established guidelines: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in favor of the non-movant. *American Tobacco Co., Inc., v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Summary judgment is "proper if the defendant disproves at least one element of each of the plaintiff's claims." *American Tobacco Co.,* 951 S.W.2d at 425; *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995). Also, summary judgment is appropriate if the defendant "establishes all elements of an affirmative defense to each claim." *American Tobacco Co.,* 951 S.W.2d at 425; *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

▇ Generally, under Texas law, an aggrieved party, whose claim relates to the administration of school laws and involves disputed fact issues, must exhaust his administrative remedies with the Commissioner of Education before turning to the courts for relief. *Jones v. Clarksville Indep. Sch. Dist.,* 46 S.W.3d 467, 471 (Tex. App.-Texarkana 2001, no pet.); *Caramanian v. Houston Indep. Sch. Dist.,* 829 S.W.2d 814, 816 (Tex.App.-Houston [14th Dist.] 1992, no pet.); *see also* TEX. EDUC. CODE ANN. § 7.057 (Vernon 1996 & Supp. 2004). However, there are four exceptions to this general rule. *Harlandale Indep.*

*Sch. Dist. v. Rodriguez,* 121 S.W.3d 88, 91–92 (Tex.App.-San Antonio 2003, no pet.).

▇ First, exhaustion of administrative remedies is not required where the aggrieved party will suffer irreparable harm. *Houston Federation of Teachers v. Houston Indep. Sch. Dist.,* 730 S.W.2d 644, 646 (Tex.1987). Second, an exception to the requirement of pursuing administrative relief is found where the claims are for a violation of constitutional or federal statutory rights. *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90–91 (Tex.1992); *Nueces County v. Nueces County Civil Serv. Comm'n,* 909 S.W.2d 597, 598 (Tex.App.-Corpus Christi 1995, no pet.). Third, exhaustion of administrative remedies is not required where the cause of action involves pure questions of law and the facts are undisputed. *Janik v. Lamar Consol. Indep. Sch. Dist.,* 961 S.W.2d 322, 323–24 (Tex.App.-Houston [1st Dist.] 1997, pet. denied); *Ball v. Kerrville Indep. Sch. Dist.,* 504 S.W.2d 791, 794 (Tex.Civ.App.-San Antonio 1973, pet. ref'd n.r.e.). Fourth, an aggrieved party is not required to exhaust administrative remedies where the Commissioner of Education lacks jurisdiction. *Texas Educ. Agency,* 830 S.W.2d at 90–91. Gutierrez contends that he was not required to exhaust his administrative remedies based on the first three exceptions.

▇ The Commissioner of Education has the authority to review claims if the aggrieved party is damaged by: (1) the school laws of the state; or (2) actions or decisions by a school board that violate: (a) the school laws of the state; or (b) a provision of a written employment contract between the school district and an employee, if the violation causes or would cause monetary harm to the employee. TEX. EDUC.CODE ANN. § 7.057 (Vernon Supp. 2004). At the time of the actions that form

the basis of Gutierrez's complaints, he was employed under a contract with LISD. Employment contracts are governed by state law. *See* Tex. Educ.Code Ann. §§ 21.152, *et seq.* (Vernon 1996). These statutes provide procedures for teachers to follow in protesting their employment contracts. Tex. Educ.Code Ann. §§ 21.209 (Vernon 1996). Furthermore, the evidence presented to the trial court indicates that, in accordance with the laws that govern contracts, the LISD Board had implemented a procedure to resolve grievances over an employee's wages. Under this procedure, if an employee was not satisfied with the outcome of LISD's review process through the school principal, the Superintendent, and the School Board, he could appeal the grievance to the Commissioner of Education. Accordingly, allegations that LISD breached Gutierrez's employment contract or made representations regarding Gutierrez's salary involve grievances over Gutierrez's wages and are the types of claims that fall within the jurisdiction of the Commissioner of Education, and Gutierrez was required to seek administrative remedies before seeking relief in the courts. *Cf. Seifert v. Lingleville Indep. Sch. Dist.*, 692 S.W.2d 461, 462 (Tex. 1985) (exhaustion of remedies required for claims based on non-renewal of employment contract). Therefore, summary judgment was only improper if Gutierrez's case fell within one of the exceptions to the requirement that administrative remedies be exhausted.

■ First, Gutierrez argues that he was not required to exhaust his administrative remedies because he would have suffered irreparable harm if he pursued his administrative options. Irreparable harm means that an award of damages at a later date will not adequately compensate an aggrieved party. *Houston Federation of Teachers*, 730 S.W.2d at 646. Gu-

tierrez has offered no evidence to show that he could not be compensated by an award of damages. In fact, in his original and amended petitions, Gutierrez sought actual damages and damages for emotional distress and mental anguish. In the cases where courts have held that an aggrieved party would suffer irreparable harm by pursuing administrative remedies, the relief sought by the aggrieved party was not available through an administrative appeal. *See Houston Federation of Teachers*, 730 S.W.2d at 646 (seeking injunctive relief). Furthermore, this court has held that a teacher's claims of discrimination and breach of contract against a school district do not produce irreparable harm to allow the aggrieved party to bypass his administrative remedies. *Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 94 (Tex. App.-San Antonio 2003, no pet.). Therefore, the irreparable harm exception to the requirement of exhaustion of administrative remedies does not apply to Gutierrez.

■ Next, Gutierrez argues that the exhaustion requirement does not apply in this case because the Board acted without authority when it changed the terms of the employment offer after the statutory deadline for renewing Gutierrez's contract. Section 21.206 of the Education Code provides that the board of trustees must notify each teacher whose contract is about to expire no later than the 45th day before the last day of instruction whether the board proposes to renew the contract and that failure to give such notice constitutes an election to employ the teacher in the same capacity for another year. Tex. Educ.Code Ann. § 21.206 (Vernon 1996 & Supp.2004). Gutierrez is a "teacher" so this requirement applies to contracts between Gutierrez and LISD. *See* Tex. Educ. Code Ann. § 21.201(a) (Vernon 1996 & Supp.2004) (stating that " 'teacher' means a superintendent, principal, supervisor

..."). However, this statute does not afford Gutierrez relief because it only states that the Board must notify the teacher whether it intends to renew in that time period; the statute does not mandate that the Board specify the terms of the contract within that same time period. *See* TEX. EDUC.CODE ANN. § 21.206 (Vernon 1996 & Supp.2004). Furthermore, Gutierrez was informed that the Board had eliminated his current position. Therefore, Gutierrez's argument that the Board exceeded its statutory authority does not excuse him from exhausting his administrative remedies. *See Jones,* 46 S.W.3d at 471.

 Gutierrez further argues that the exhaustion requirement does not apply in this case because the claim of breach of contract involves pure questions of law. Generally, whether a contract is enforceable is a matter of law. *Montanaro v. Montanaro,* 946 S.W.2d 428, 430 (Tex. App.-Corpus Christi 1997, no pet.); *America's Favorite Chicken Co. v. Samaras,* 929 S.W.2d 617, 622 (Tex.App.-San Antonio 1996, writ denied). Gutierrez argues that LISD is bound by the terms of the April letter even though the employment contract contained a provision setting salary "according to the compensation plan adopted by the Board." LISD counters that the language in the employment contract proves that there was no meeting of the minds regarding the salary amount and that the April letter did not constitute a valid contract. LISD asserts that under Section 11.163 of the Texas Education Code, the Board may accept or reject a Superintendent's recommendation regarding the selection of district personnel; therefore, the April letter was not binding until the Board approved its terms. TEX. EDUC.CODE ANN. § 11.163(b) (Vernon 1996 & Supp.2004). Gutierrez disputes whether he knew that the Board had to approve the terms of the April letter before those terms became a binding contract.

 Generally, the intent of parties to be bound is an essential element of an enforceable contract and is often a question of fact. *Foreca v. GRD Dev. Co.,* 758 S.W.2d 744, 746 (Tex.1988); *Hardman v. Dault,* 2 S.W.3d 378, 380 (Tex.App.-San Antonio 1999, no pet.). Only where the intent of the parties is clear and unambiguous on the face of the agreement may the court determine intent as a matter of law. *Padilla v. LaFrance,* 907 S.W.2d 454, 461–62 (Tex.1995). In this case, a factual dispute exists regarding whether the parties intended to be bound by the terms of the April letter. Intent is not clear on the face of the agreement because the employment contract and the letter contain conflicting terms. The letter stated that Gutierrez's salary would not be less than his current salary; however, the employment contract stated that Gutierrez's salary would be set by a "compensation plan adopted by the Board." Since the intent of the parties is not clear and unambiguous in the April letter, whether the parties intended to be bound by the April letter is a question of fact. *See Foreca,* 758 S.W.2d at 746; *Hardman,* 2 S.W.3d at 380. Therefore, because Gutierrez's breach of contract claim involves disputed fact issues and not pure questions of law, Gutierrez was required to exhaust his administrative remedies before pursuing relief in the courts. *Jones,* 46 S.W.3d at 471.

In his motion for rehearing, Gutierrez contends that LISD failed to establish that the Board had not delegated the authority to determine the terms of employment with the district to the Superintendent. While LISD's policy does permit such delegation, the record contains no evidence of any such delegation, and an inference can be made that the Board had not delegated such authority since the Board rejected

the Superintendent's recommendation in favor of its own terms. In any event, whether the Superintendent had such authority is another disputed fact issue relating to the contract claim which removes the claim from the exception for claims involving pure questions of law.

## CONCLUSION

Because Gutierrez failed to exhaust his administrative remedies, we affirm the judgment of the trial court.