ACCEPTED
15-24-00051-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/28/2025 5:05 PM
CHRISTOPHER A. PRINE
CLERK

Case No. 15-24-00051-CV

In the Fifteenth District Court of Appeals at Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/28/2025 5:05:26 PM
CHRISTOPHER A. PRINE
Clerk

CROWLEY INDEPENDENT SCHOOL DISTRICT
*Appellant,*

v.

CARL STONEHAM AND MIKE MORATH, IN HIS OFFICIAL
CAPACITY AS COMMISSIONER OF EDUCATION OF TEXAS,
*Appellees.*

On Appeal from the 48th District Court of Tarrant County, Texas
The Honorable Chris Taylor, Presiding

## APPELLEE MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION'S RESPONSE TO MOTION FOR REHEARING

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney
General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

MARTIN COHICK
State Bar No. 24134042
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:(512) 936-1317
martin.cohick@oag.texas.gov

ATTORNEYS FOR APPELLEE
MIKE MORATH, IN HIS OFFICIAL
CAPACITY AS COMMISSIONER OF
EDUCATION OF TEXAS

# TABLE OF CONTENTS

Table of Contents ..................................................................................2

Index of Authorities...........................................................................3

Reference to the Parties ....................................................................5

    I.   Background ................................................................................6

    II.  Response ...................................................................................6

        A.  Stoneham's counterclaim was a proper use of the UDJA. ...........7

        B.  Stoneham's counterclaim did not improperly enlarge the trial court's jurisdiction ...............................................................................9

        C.  Stoneham's counterclaim was not a redundant remedy ............10

    III. Conclusion ...............................................................................13

Certificate of Compliance ...............................................................16

Certificate of Service ......................................................................16

# INDEX OF AUTHORITIES

**Cases**

*BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838
  (Tex. 1990) ........................................................................................... 8

*City of El Paso v. Heinrich*
  284 S.W.3d 366 (Tex. 2009) ............................................................... 9

*Cross Roads Indep. Sch. Dist. v. Carnes*
  2013 WL 3270862 (Tex. App.—Tyler June 25, 2013, no pet.) ............. 11

*Crowley Indep. Sch. Dist. v. Stoneham,*
  2024 WL 4822467 (Tex. App.—Austin [15th Dist.] Nov. 19, 2024, no
  pet. h.) ............................................................................................ 6, 12

*Gutierrez v. Laredo Indep. Sch. Dist.*
  139 S.W.3d 363 (Tex. App.—San Antonio 2004, no pet.) .................... 11

*McIntyre v. El Paso Indep. Sch. Dist.*
  499 S.W.3d 820 (Tex. 2016) ............................................................... 11

*Patel v. Tex. Dep't of Licensing & Regul.*
  469 S.W.3d 69 (Tex. 2015) ............................................................ 10, 13

*Tex. Dep't of Transp. v. Sefzik*
  355 S.W.3d 618 (Tex. 2011) ............................................................ 9, 10

*Tex. Parks & Wildlife Dep't v. Sawyer Tr.*
  354 S.W.3d 384 (Tex. 2011) ................................................................ 9

*Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*
  408 S.W.3d 696 (Tex. App.—Austin 2013, no pet.) ............................ 10

**Statutes**

Tex. Civ. Prac. & Rem. § 37.003 .......................................................... 7

Tex. Civ. Prac. & Rem. § 37.001 – 37.010 ........................................... 7

Tex. Civ. Prac. & Rem. § 37.002.........................................................7, 14

Tex. Civ. Prac. & Rem. § 37.002(b) ................................................. 7, 8, 9

Tex. Civ. Prac. & Rem. § 37.003(c)........................................................8

Tex. Civ. Prac. & Rem. § 37.004(a) ........................................................7

Tex. Educ. Code § 21.259 ....................................................................13

Tex. Educ. Code § 21.301(a) ................................................................13

Tex. Educ. Code § 7.057(a) ..................................................................12

## REFERENCES TO THE PARTIES

Appellant:      Crowley Independent School District (Crowley ISD)

Appellees:      The Texas Commissioner of Education (Commissioner)

Carl Stoneham (Stoneham)

Crowley Independent School District's (Crowley ISD) motion for rehearing presents a unique situation for the Court to consider. Because the unique facts of this situation gave the trial court jurisdiction over the declaratory judgment counterclaim, the Texas Commissioner of Education (Commissioner) asks the Court to deny Crowley ISD's motion for rehearing.

## I. BACKGROUND

Crowley ISD moves for a rehearing in this appeal. The Court asked for the Commissioner's response regarding sovereign immunity issue raised by Crowley ISD. The motion questions the Court's jurisdiction over Stoneham's declaratory judgment counterclaim. This Court explained the factual background underlying this issue in its opinion. *Crowley Indep. Sch. Dist. v. Stoneham*, 2024 WL 4822467, at *10 (Tex. App.—Austin [15th Dist.] Nov. 19, 2024, no pet. h.). This response explains why the trial court had jurisdiction over the declaratory judgment counterclaim.

## II. RESPONSE

This section will first explain that Stoneham's counterclaim was a proper use of the UDJA because it removed uncertainty regarding the

status of Stoneham's offer to resign. Next, it will explain that Stoneham's counterclaim did not improperly enlarge the trial court's jurisdiction because the remedy in the declaratory judgment claim addresses the remedy in the suit for judicial review. Lasty, this section will explain that Stoneham's counterclaim was not a redundant remedy. In fact, it is not clear what remedy Stoneham would have in this unique situation other than a declaratory judgment counterclaim.

## A. Stoneham's counterclaim was a proper use of the UDJA.

The Uniform Declaratory Judgment Act's (UDJA) purpose "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. § 37.002(b); *see generally id.* §§ 37.001 – 37.010. We must liberally construe and administer the UDJA. *Id.* § 37.002. A declaratory judgment is one that declares the rights, status, or other legal relations of the parties without ordering anything to be done. *Id.* § 37.003. "A person . . . whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . ." *Id.* § 37.004(a). Courts have the power to grant

declaratory relief in any proceeding in which relief is sought and a judgment will terminate the controversy or remove uncertainty. *Id.* § 37.003(c). A counterclaim for declaratory relief is appropriate when it has greater ramifications than the original suit. *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1990). A counterclaim has greater ramifications if a decision would control an ongoing relationship between the parties. *Id.* at 841–42.

Here, the purpose of Stoneham's counterclaim was to determine the status of Crowley ISD's purported acceptance of the offer to resign. A declaration would remove uncertainty regarding his ongoing employment with Crowley ISD. Tex. Civ. Prac. & Rem. §§ 37.002(b), 37.003(c). This counterclaim had greater ramifications than Crowley ISD's underlying suit for judicial review, which focused on whether the termination was proper, because whether Crowley ISD properly accepted Stoneham's resignation is a separate reason for the district to no longer employ him. *Millard*, 800 S.W.2d at 842. Thus, Stoneham's counterclaim was a proper use of the UDJA.

**B.** **Stoneham's counterclaim did not improperly enlarge the trial court's jurisdiction.**

The UDJA is not a general waiver of sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009). The UDJA is remedial, but sovereign immunity may bar an otherwise proper declaratory judgment claim "that has the effect of establishing a right of relief against the State for which the Legislature has not waived sovereign immunity." Tex. Civ. Prac. & Rem. § 37.002(b); *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). Although the UDJA does not "enlarge the trial court's jurisdiction" a court can decide "cases already within a court's jurisdiction." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (internal quotations omitted).

Here, Stoneham's counterclaim did not enlarge the trial court's jurisdiction because the Court already had jurisdiction over the underlying suit for judicial review. The suit for judicial review's purpose was to determine if Crowley ISD properly terminated Stoneham, that is, whether Stoneham should still be employed or not. The counterclaim was an ancillary claim. It arose from the same transaction and occurrence as the suit for judicial review, which Crowley ISD itself brought. The trial

court's judgment in the counterclaim did not have the effect of giving Stoneham any larger of a right to relief than he was entitled to receive in the judicial review claim itself. The relief possible for Stoneham in Crowley ISD's claim was the same as his counterclaim: continued employment with the school district. Because the trial court had jurisdiction to decide that Stoneham should still be employed in the suit for judicial review, the counterclaim arose from the same transaction and occurrence, and the counterclaim provided the same relief so did not "enlarge trial court's jurisdiction." Thus, sovereign immunity should not bar the declaratory judgment counterclaim. *Sefzik*, 355 S.W.3d at 621–22.

## C. Stoneham's counterclaim was not a redundant remedy.

"Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 79 (Tex. 2015); *see e.g.*, *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 707–08 (Tex. App.—Austin 2013, no pet.) (finding no subject matter jurisdiction to award attorneys'

fees under the UDJA because attorneys' fees are already provided for in the Public Information Act).

Here, the relevant different channels would be the administrative process in the Texas Education Code. Generally, teachers must exhaust administrative remedies before suing in court. *See e.g., Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 367 (Tex. App.—San Antonio 2004, no pet.). The Commissioner's jurisdiction is "exclusive" and a teacher "must exhaust this administrative remedy prior to filing suit." *Cross Roads Indep. Sch. Dist. v. Carnes*, 2013 WL 3270862, at *2 (Tex. App.—Tyler June 25, 2013, no pet.). However, exhaustion is only required for "complaints that the Legislature has authorized the Commissioner to resolve." *McIntyre v. El Paso Indep. Sch. Dist.*, 499 S.W.3d 820, 823 (Tex. 2016) (internal quotes omitted).

The Legislature authorized the Commissioner to resolve complaints in Texas Education Code section 7.057. Under that statute, a person may appeal in writing to the commissioner if the person is aggrieved by:

(1) the school laws of this state; or

(2) actions or decisions of any school district board of trustees that violate:
        (A) the school laws of this state; or

(B) a provision of a written employment contract between the school district and a school district employee.

Tex. Educ. Code § 7.057(a).

Thus, a teacher may appeal to the Commissioner to challenge a school law. A teacher may also appeal if a school district violates a school law or a written contract provision.

Here, no school law is directly applicable to the issue of Stoneham's offer to resign. *Stoneham*, 2024 WL 4822467, at *11 (holding that the common law applies to this issue, not the education code). Thus, the first basis for an appeal to the Commissioner does not apply. Nothing in the record indicates that the employment contract between Crowley ISD and Stoneham contained a provision controlling offers to resign. Thus, the second basis for an appeal to the Commissioner does not apply. Because no violation of a law or written provision is at issue in the resignation controversy, Stoneham could not appeal to the Commissioner under the general rule of section 7.057.

Subsection 7.057(e) dictates that when a school district decides not to renew a teacher's term contract, or the school district terminates a

teacher, Section 21.301 governs appeals to the Commissioner. Tex. Educ. Code § 21.301(a).[1]

Here, on August 17, 2022, Crowley ISD did not terminate Stoneham. Neither did Crowley ISD decide not to renew his contract. Rather, Crowley ISD purported to accept his offer to resign. Because accepting an offer to resign is not a termination or a decision not to renew, section 21.301 is not applicable, and Stoneham could not appeal to the Commissioner. Therefore, Stoneham's use of the UDJA was not a redundant remedy. *Patel*, 469 S.W.3d at 79.[2]

## III. CONCLUSION

This Court should hold that there was jurisdiction for Stoneham's declaratory judgment counterclaim. The counterclaim was proper and necessary to provide certainty regarding the status of the offer to resign. This issue was ancillary to Crowley ISD's suit for judicial review and arose from the same transaction and occurrence. The trial court's decision on the counterclaim did not enlarge jurisdiction. Instead, it provided Stoneham with the same remedy as the trial court's decision in

---

[1] Subsection (a) mentions nonrenewals and references section 21.259, which governs terminations. *Id.* § 21.259.

[2] Because no administrative remedy existed, Stoneham was also not required to exhaust administrative remedies before bringing a claim in court regarding the offer to resign.

the suit for judicial review, namely, that he should still be employed. The declaratory judgment is not redundant of any other remedy Stoneham had. In fact, it is not clear what remedy Stoneham would have in this unique situation if this Court were to hold that there was no jurisdiction. Given that the UDJA is remedial and must be construed liberally, the Court should find that it extends this unique situation: one in which a teacher seeks certainty regarding his employment status involving facts interconnected with a suit for judicial review brought by a school district. Tex. Civ. Prac. & Rem. § 37.002.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

Martin Cohick
State Bar No. 24134042

Assistant Attorney General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1317
martin.cohick@oag.texas.gov

ATTORNEYS FOR APPELLEE MIKE MORATH,
IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF EDUCATION OF TEXAS

## CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 1,612. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

Date: January 28, 2025

Martin Cohick
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, a true and correct copy of the above and forgoing document has been served to the following party of record via electronic service and/or electronic mail:

David J. Campbell
State Bar No. 24057033
O'Hanlon, Demerath & Castillo
808 West Avenue
Austin, Texas 78701
Tel: (512) 494-9949
dcampbell@808west.com

ATTORNEY FOR APPELLANT
CROWLEY ISD

Giana Ortiz
State Bar No. 15323100
Daniel A. Ortiz
State Bar No. 24053824
The Ortiz Law Firm
1304 West Abram St., Ste 100
Arlington, Texas 76013
Tel: (817) 861-7984
gortiz@ortizlawtx.com
dortiz@ortizlawtx.com

ATTORNEYS FOR APPELLEE,
CARL STONEHAM

Martin Cohick
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Chipelo on behalf of Martin Cohick
Bar No. 24134042
elizabeth.chipelo@oag.texas.gov
Envelope ID: 96711500
Filing Code Description: Response
Filing Description: 2025 0128 Motion for Rehearing Response
Status as of 1/29/2025 7:05 AM CST

Associated Case Party: Crowley Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Campbell | | dcampbell@808west.com | 1/28/2025 5:05:26 PM | SENT |
| Kathryn French | | kfrench@808west.com | 1/28/2025 5:05:26 PM | SENT |

Associated Case Party: Mike Morath

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 1/28/2025 5:05:26 PM | SENT |
| Martin Cohick | | Martin.cohick@oag.texas.gov | 1/28/2025 5:05:26 PM | SENT |

Associated Case Party: Carl Stoneham

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Ortiz | | dortiz@ortizlawtx.com | 1/28/2025 5:05:26 PM | SENT |
| Giana Ortiz | | gortiz@ortizlawtx.com | 1/28/2025 5:05:26 PM | SENT |